## PEOPLE vs. BUSH.

*Ninth District Court for Trinity Co., Dec. T., 1857.*

TRANSFER OF CAUSES—CONSTITUTIONALITY OF THE LAW AS REGARDS INFERIOR CRIMES.

The act which provides for transferring a criminal action from the court of sessions to the district court of the county by reason of one or more of the judges being disqualified, is not warranted by the constitution.

When such a transfer is made, a motion to dismiss the cause will be granted; consent can confer no jurisdiction.

Motion to dismiss the cause for want of jurisdiction in the district court to hear and determine the same. The facts are set forth in the opinion.

*Callagher*, district attorney, for the people.

*Pitzer & Burch*, for defendant.

DAINGERFIELD, J.—This is an indictment for a misdemeanor for keeping a house of ill fame, and a motion is made by the defendant's attorneys to dismiss the same, for the reason that the district court has no jurisdiction to hear and determine the subject matter.

The case was removed from the court of sessions by order of that court, because that court, by reason of prejudice existing in the minds of the judge and justices against the defendant, (as shown by her affidavit on file,) was such, that a fair and impartial trial could not be had in the court of sessions.

The motion was made under a provision of the statute. See *Wood's California Digest*, 153, art. 666, § 54. Indictments found in the court of sessions shall be transmitted to the district court sitting in the county, for trial in the following cases: 1st. Whenever a judge or justice of the court of sessions is by law disqualified from hearing or trying the same. 2d. Indictments found against a member of the court of sessions, or any justice of the peace of the county.

This provision cannot give jurisdiction to the district cour in actions of this kind, for the reason that the constitution fixes the jurisdiction of the district court, and the acts of the legislature limit that jurisdiction

to *crimes* of a higher character and nature than mere misdemeanors, which are triable before justices of the peace, and courts of sessions, in the country, and mayors' and recorders' courts where they exist.

The construction which I place upon the law quoted is, that where the district court has jurisdiction over the *subject matter*, then indictments shall be thus transmitted, but in all *other* cases, they shall be sent to an adjoining county.

But it is urged by the district attorney, that the change was made on application of defendant, and that although, as a court, I might have no such power, still, as a judge, commissioner or referee, I may decide the case. To this I reply, that " consent cannot give jurisdiction," and although probably it may be considered as sharp practice in the defendant to have made this motion, still it was a legal right which she had, and the court of sessions was the guardian of the people's rights, and the district attorney has nothing of which he can complain. The law might admit of the construction given it by that court, and as the rights of the people can be protected by another indictment, I shall order that the cause be dismissed.

If this court had jurisdiction of the offense, I should hold the party to answer before another grand jury, but as I think I have not, I see no other course left me than to dismiss the case.

Let the order be so entered.